UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CAMERON GRANISON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DET. SHAUN HANNON, )<br>MYRON WILKERSON, )<br>)<br>Defendants. ) | 1:05-cv-1247-SEB-VSS |

**Entry Discussing Motion for Summary Judgment**

A police officer's ability to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396 (1989); *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U. S. 1116 (1998). "Relevant factors in determining whether an officer's actions were objectively reasonable include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Jordan v. City of Indianapolis,* 2002 WL 32067277, at *7 (S.D.Ind. 2002) (quoting *Graham,* 490 U.S. at 396).

When viewed in the light most favorable to plaintiff Granison as the non-movant, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) (in ruling on a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor"), the defendant's motion for summary judgment does not demonstrate the absence of a material question of fact and their entitlement to judgment as a matter of law. The questions of what provocation for the use of force and whether the force used against Granison remain contested matters. As was the case in *Rising-Sun v. Wilson,* 2005 WL 1607187, at *10 (S.D.Ind. July 5, 2005), the "divergent portrayals of events" by the parties prevents the award of summary judgment as to the claim of excessive use of force and the application of qualified immunity. According to

Granison's sworn account of the incident, he was tackled and struck repeatedly by defendant Hannon in the course of the arrest of the plaintiff on August 4, 2003, this occurred without provocation on Granison's part, and defendant Wilkerson stood by and failed to intervene. Although the trier-of-fact may ultimately reject Granison's version, the question-of-fact posed in these circumstances precludes the resolution of his claims through the entry of summary judgment, which is not a procedure for resolving a swearing contest. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *see also Cameron v. Frances Slocum Bank & Trust Co.,* 824 F.2d 570, 575 (7th Cir. 1987) ("On summary judgment, a court can neither make a choice between competing inferences nor make a credibility determination."). The defendants' motion for summary judgment is therefore **denied.**

      **IT IS SO ORDERED**.

Date: 08/03/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Todd A. Weaver
INDIANA STATE ATTORNEY GENERAL
Todd.Weaver@atg.in.gov

Cameron Granison
DOC # 991851
Miami Correctional Facility
P.O. Box 900
Bunker Hill, IN 46914